**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JONATHAN H. ELWELL,**

       **Plaintiff,**

v.    Case No:   6:19-cv-2277-Orl-22EJK

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Jonathan H. Elwell, brings this action pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g), as amended, to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his Disability Insurance Benefits ("DIBs") under the Act. (Doc. 1.) Upon a review of the record, including a transcript of the proceedings before Administrative Law Judge Douglas A. Walker (the "ALJ"), the ALJ's decision, the administrative record, and the pleadings and memorandum submitted by the parties, I respectfully recommend that the Commissioner's final decision in this case be affirmed, pursuant to sentence four of 42 U.S.C. § 405(g).

**I.  BACKGROUND**

On January 27, 2016, Plaintiff filed an application for DIBs, alleging cardiac artery disease, cardiac artery bypass, peripheral artery disease, one stent in the lower aorta, 50% blockage of the carotid artery, tinnitus, depression, high blood pressure, high cholesterol, and a herniated disc, with an onset date of July 1, 2011. (Tr. 62–63, 74, 125–127, 174–180.) The claim was denied initially and upon reconsideration. (Tr. 95–97, 101–105.) Plaintiff requested a hearing, which was held on October 11, 2018, before the ALJ. (Tr. 35–36, 40–61, 106–108.) On December 17, 2018, the ALJ

issued his unfavorable decision, finding Plaintiff not disabled from July 1, 2011, the alleged onset date, through December 31, 2016, the date last insured. (Tr. 7–29.) Plaintiff requested review of the hearing decision. (Tr. 171.) On October 10, 2019, the Appeals Council denied the request for review. (Tr. 1–6.) Plaintiff timely filed this action for judicial review on December 2, 2019. (Doc. 1.) Plaintiff has exhausted the available administrative remedies, and therefore, this case is properly before the Court.

## II. STANDARD

An individual is considered disabled and entitled to disability benefits if the person is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(B) . In evaluating a disability claim, the Commissioner must use the following five-step sequential analysis:

1. If the applicant is working, the claim is denied.

2. If the impairment is determined not to be severe—i.e., if the impairment or combination of impairments does not significantly limit the individual's physical or mental ability to do basic work—then the claim is denied.

3. If the impairment or combination of impairments meets or medically equals one of the specific impairments listed in the regulations, then the claimant is entitled to disability benefits. If not, then the Commissioner proceeds to step four.

4. If the claimant has the residual functional capacity ("RFC") to perform past work, then the claim is denied.

5. If the claimant cannot perform past work, then the Commissioner must determine whether there is substantial work in the economy that the claimant can perform. If so, the claim is denied.

*See* 20 C.F.R. §§ 404.1520–404.1576.

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 1, 2011. (Tr. 12.) At step two, the ALJ found that Plaintiff was severely impaired by a combination of diabetes, coronary artery disease status post four-vessel coronary bypass graft surgery, hypertension, hyperlipidemia, peripheral arterial disease, degenerative disc disease of the lumbar spine, and hypothyroidism. (*Id.*) Additionally, the ALJ found Plaintiff's medically determinable mental impairments of major depressive disorder and attention deficit disorder did not cause more than a minimal limitation in his ability to perform basic mental work activities and were, therefore, non-severe. (*Id.* at 12–13.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in the regulations. (*Id.* at 14.)

Before proceeding to step four, the ALJ determined that Plaintiff had the RFC to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a).[1] (*Id.* at 15.) Specifically, the ALJ found Plaintiff could:

---

[1] Sedentary work is defined as:

> [L]ifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §404.1567(a).

> [L]ift and/or carry no more than 10 pounds…stand and/or walk with normal breaks for a total of two hours in an eight-hour workday…sit with normal breaks for a total of six hours in an eight-hour workday…occasionally perform pushing and pulling motions with his lower extremities (foot controls) within the aforementioned weight restrictions. He should be restricted to a "relatively clean" work environment (low levels of dust, noxious odors, fumes, gas, while avoiding poor ventilation affecting the respiratory system, eyes, or skin)…[with] stable temperatures. He could perform each of the following postural activities occasionally: balancing, stooping, crouching, kneeling and crawling; but not the climbing of ropes or scaffolds, and of ladders exceeding six feet.

The ALJ concluded his analysis at step four, finding that Plaintiff could perform his past relevant work as an account executive. (Tr. 22.)

### III.   SCOPE OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" *Id.* However, though the review is limited, "the entire record must be scrutinized to determine the

reasonableness of the Secretary's factual findings." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

## IV.   DISCUSSION

Plaintiff raises the two arguments on appeal: (1) the ALJ failed to apply the proper legal standard when evaluating the opinion evidence in the record from treating physician Juan Balaguer, M.D. ("Dr. Balaguer"), treating therapist Betty Allen, M.S. ("Ms. Allen"), state agency psychological consultant Val Bee, Psy.D. ("Dr. Bee"), and state agency mental health consultant Thomas L. Clark, Ph.D. ("Dr. Clark"); and (2) the ALJ applied the improper standard in assessing Plaintiff's testimony from the hearing.

### A.  Opinions of Record

Plaintiff asserts that the ALJ did not utilize the proper legal standard when finding the opinions of Dr. Balaguer, Ms. Allen, Dr. Bee, and Dr. Clark (collectively the "Opinions") as "less than persuasive," and that as a result, his decision was not supported by substantial evidence. (Doc. 25 at 10–14.) Specifically, he contests the ALJ's finding that the Opinions are not fully supported by the treatment records and, therefore, did not warrant the highest deference. He also argues that ALJ's reliance on Plaintiff's lack of hospitalizations or emergency room treatments and his ability to perform some daily living tasks was improper as neither hospitalization nor total debilitation is required for his claim to be approved. (Doc. 25 at 13.)

Conversely, the Commissioner argues that the ALJ properly considered the relevant evidence, including Plaintiff's own testimony, and provided "good reasons supported by substantial evidence" when determining that the Opinions were not fully persuasive because they were not consistent with the record as a whole. (*Id.* at 17.) The Commissioner asserts that Plaintiff misconstrued the ALJ's findings regarding hospitalizations and debilitation, and that the ALJ did

not require evidence of hospitalization or that Plaintiff be totally debilitated, but instead made those findings to highlight Plaintiff's own conservative treatment history with Dr. Balaguer and Ms. Allen and to establish their opinions were inconsistent with their findings. (Doc. 25 at 18–19.)

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). A treating doctor's opinion generally is entitled to more weight, and an ALJ must give good reasons for the weight given a treating doctor's opinion. See 20 C.F.R. § 404.1527(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d at 1178–79 (stating the good cause requirements for discounting a doctor's opinion). However, the opinion of a one-time examiner is not entitled to deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).

An ALJ may discount a doctor's opinion, including a treating doctor's opinion, when the opinion is conclusory, the doctor fails to provide objective medical evidence to support his or her opinion, or the opinion is inconsistent with the record as a whole. See 20 C.F.R. § 404.1527(c); *Winschel*, 631 F.3d at 1179; *Crawford v. Comm'r*, 363 F.3d 1155, 1159–60 (11th Cir. 2004) (finding that in a social security disability case, a treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory). An ALJ may consider evidence such as a claimant's treatment history in evaluating a physician's opinion. *Newberry v. Comm'r, Soc. Sec. Admin.*, 572 F. App'x 671, 671–72 (11th Cir. 2014) (holding that a treating physician's opinion was appropriately discounted by the ALJ when the conservative course of treatment undertaken by the treating physician contradicts his own findings of severe limitations, especially when it is inconsistent with other evidence in the record, such as a claimant's

ability to perform routine daily life activities). Where an ALJ has "misquoted or misconstrued the record on numerous points" when articulating his reasons for discounting the weight of a treating physician, however, remand has been found appropriate. *Rogers v. Astrue*, No. 3:10-CV-352-J-TEM, 2011 WL 4346567, at *8 (M.D. Fla. Sept. 16, 2011).

Here, from January 2016 through December 2016, treating physician Dr. Balaguer and therapist Ms. Allen provided Plaintiff with mental health treatment, including medication management and therapy, and both repeatedly opined he was "impaired for work/school" and was "unable to work." (Tr. 387, 390, 401, 408, 413, 503, 508, 512, 675, 681, 690.) In May 2016, Dr. Bee reviewed the record and opined that Plaintiff's mental impairments caused him to experience moderate difficulties in his ability to maintain social functioning and that he "may be poorly suited for prolonged contact with the general public." (Tr. 68–69.) She "[n]evertheless" found that "he could persist in a role with only limited and superficial social demands." (Tr. 72). Subsequently, in November 2016, Dr. Clark reviewed the record and found that Plaintiff had a "[l]imited ability to sustain [concentration, persistence, or pace] for extended period[s] but should be able to complete simple tasks for 6-8 hours in an eight-hour period at an appropriate pace, and sustain this level across days and weeks" (*Id.*; Tr. 89.)

The ALJ ultimately found the Opinions "less than fully persuasive" due to the following:

> [A]lthough there were some findings of a depressed mood and blunted affect, the [Plaintiff] consistently denied suicidal and homicidal ideations and repeatedly displayed an appropriate appearance, clear speech, logical thought process, intact memory, and normal fund of knowledge. In addition, his attention and concentration were repeatedly unremarkable or just mildly impaired. The claimant has also not required hospitalization or emergency room treatment for symptoms related to a mental disorder since the alleged onset date.  Further, he performed basic acts related to self-care independently, prepared meals, did light housework and cleaning, shopped, drove a vehicle alone, and did laundry.

(Tr. 21–22 (internal references to exhibits omitted).)

The undersigned finds that the ALJ did not mischaracterize or misconstrue the Opinions when rendering his decision. He explicitly noted that Dr. Bee opined that Plaintiff had an adequate capacity for understanding and remembering and was able to focus attention, concentrate, and complete tasks without significant difficulties, but he appeared most comfortable functioning in relative isolation from others and would be poorly suited for prolonged contact with the general public. (Tr. 21, 71–72.) The ALJ also noted Dr. Clark's opinion that Plaintiff had a limited ability to sustain concentration, persistence, or pace for extended periods, but could understand and retain most complex instructions, would be able to complete simple tasks for 6-8 hours in an eight-hour period at an appropriate pace, and would be able to sustain this level across days and weeks. (Tr. 21, 89–90.) In addition, Dr. Clark opined that Plaintiff could adapt to most changes and task demands on a sustained basis (Tr. 21, 89–90.)

The ALJ considered Ms. Allen's and Dr. Balaguer's opinions finding Plaintiff had marked limitations in understanding, remembering, sustaining concentration and persistence, interacting socially, and adapting. (Tr. 21.) However, in determining that their opinions were less than fully persuasive, the ALJ found their records also were replete with findings of unremarkable or only mildly impaired concentration and attention that contradicted their "no work" opinion. (Tr. 21–22, 387, 390, 392, 395, 398, 401, 404, 413, 499, 502, 672 675, 671, 681, 684, 687, 690, 693, 696.)

Thus, the Court finds that the ALJ utilized the appropriate legal standard and provided substantial evidence to support his decision to discount the weight of treating physician Dr. Balaguer, treating therapist Ms. Allen, and non-treating consultants Dr. Bee and Dr. Clark.

### B. Plaintiff's testimony

Plaintiff argues that the ALJ discredited, without explanation, his testimony about his pain in 2015 and 2016, when he was being treated for severe depression and was unable to work, instead spending his days "[j]ust trying to get to the next one." (Doc. 25 at 21). He asserts that if an ALJ decides not to credit Plaintiff's testimony about pain, the ALJ "must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding" and provide a specific reason as to why the testimony is being discredited. (Doc. 25 at 22–23.)

"When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." *Williams v. Astrue*, No. 3:10-cv-00235-J-JBT, 2011 WL 721501, at *3 (M.D. Fla. Feb. 22, 2011). Under the Eleventh Circuit's pain standard, the Commissioner must:

> consider a claimant's subjective testimony of pain if [he] finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (holding the pain standard applies to complaints of subjective conditions other than pain). Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding." *Id.*

Where, as here, "the record shows that the claimant has a medically-determinable impairment that could reasonably be expected to produce [his] symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work." *Strickland*, 516 F. App'x 829, 831 (11th Cir. 2013) (citing 20 C.F.R. §

404.1529(c)(1)). In doing so, the ALJ should "examine the claimant's statements regarding [his] symptoms in relation to all other evidence and consider whether there are any inconsistencies or conflicts between those statements and the record." *Id.* at 832 (citing 20 C.F.R. § 404.1529(c)(4)). "If the ALJ decides not to credit the claimant's testimony as to [his] subjective symptoms, the ALJ must articulate explicit and adequate reasons for doing so or the record must be obvious as to the credibility finding." *Id.*

Individual consideration of every subjective complaint made by a plaintiff is not required, however, to find that an ALJ's credibility determination was based on substantial evidence. *Newberry*, 572 F. App'x at 672 (holding that, "because the ALJ's credibility determination was sufficient for us to conclude that he considered [the claimant's] condition as a whole, the determination is sufficient); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, even where an ALJ rejects the claimant's own testimony concerning his or her pain and does not specify which aspects of the testimony he rejected, if the ALJ considered the claimant's "condition as a whole," including the claimant's activities of daily living, the frequency of his symptoms, the types and effects of his medications, and his overall treatment history, the ALJ's determination of credibility is based on substantial evidence. *Newberry*, 572 F. App'x at 672.

Here, the ALJ did not discredit Plaintiff's testimony. Instead, the ALJ noted Plaintiff's testimony regarding his inability to work in 2015 and 2016 because his depression was severe, and addressed Plaintiff's overall complaints of depression. (Tr. 16.) Specifically, the ALJ considered Plaintiff's treatment history, including medications; types and frequency of therapy received; lack of hospitalizations; ability to drive, prepare meals, and take care of himself generally; as well as the findings of his medical providers, and their opinions regarding his mental impairments as

discussed *supra*.[2] (Tr. 21–22.) Because the ALJ found that the clinical findings, treatment records, and Plaintiff's own statements in those records regarding his ability to perform his daily activities did not support his claims regarding the severity of his symptoms, the ALJ's decision is supported by substantial evidence.

## V. RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that that Commissioner's final decision be **AFFIRMED** and the Court **CLOSE** this case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

---

[2] The record consistently showed that Plaintiff denied suicidal and homicidal ideations, and repeatedly displayed an appropriate appearance, clear speech, logical thought process, intact memory, and normal fund of knowledge (Tr. 21, 387, 390, 392, 395, 398, 401, 404, 407, 413, 496, 499, 502, 672, 675, 671, 681 684, 687, 690, 693, 696). Examination findings also consistently showed that Plaintiff's concentration and attention were either normal or only mildly impaired. (Tr. 21–22, 387, 390, 392, 395, 398, 401, 404, 413, 499, 502, 505, 508, 511, 672, 675, 671, 681 684, 687, 690, 693, 696). Plaintiff performed a variety of activities, including performing self-care (such as bathing and dressing) independently, preparing meals, doing light housework and cleaning, shopping, driving a vehicle alone, and doing laundry. (Tr. 20–21, 215–16, 222–23, 244–50).

Recommended in Orlando, Florida on February 2, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties